Sharon KINLEY, Appellant,

v.

Sharon BIERLY and David
Schon, Appellees.

Superior Court of Pennsylvania.

Argued March 16, 2005.

Filed May 4, 2005.

Christian D. Frey, Williamsport, for appellant.

David B. Lingelfelter, Williamsport, Schon.

Sharon Bierly, appellee, Pro Se.

Before: STEVENS, BOWES and McCAFFERY, JJ.

OPINION BY BOWES, J.:

¶ 1 Sharon Kinley has appealed the trial court's October 6, 2004 order granting summary judgment to Sharon Bierly and David Schon in this personal injury action. We affirm.

¶ 2 Appellant and Appellee Bierly both owned horses and were boarding them on Appellee Schon's premises. Appellant was bitten by Appellee Bierly's horse, Dollar, when Appellant was feeding her own horse in a stall in Appellee Schon's barn. This personal injury action ensued. Appellees filed motions for summary judgment based on the fact that Appellant failed to demonstrate, following discovery, that they knew or should have known that Dollar had vicious tendencies and would bite Appellant.

Those motions were granted, and this appeal followed.

¶ 3 First, we examine our standard of review:

"[S]ummary judgment may be granted only in those cases in which the record clearly shows that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Capek v. Devito*, 564 Pa. 267, 270 n. 1, 767 A.2d 1047, 1048 n. 1 (2001). Our standard of review is well-settled: we may reverse a grant of summary judgment only for an abuse of discretion or error of law. *See McCarthy v. Dan Lepore & Sons Co., Inc.*, 724 A.2d 938, 941 (Pa.Super.1998), *appeal denied* 560 Pa. 707, 743 A.2d 921 (1999). Our scope of review is *plenary* as the present appeal presents a question of law in the review of a grant of summary judgment, *see Long v. Ostroff*, 854 A.2d 524, 527 (Pa.Super.2004), and involves the trial court's construction of a statute. *See Caruso ex rel. Caruso v. Medical Professional Liability Catastrophe Loss Fund*, 2004 858 A.2d 620, 623 (Pa.Super.2004).

*Sulkowski v. Pennsylvania Property & Casualty Insurance Guarantee, Ass'n.*, 871 A.2d 227, 229 (Pa.Super.2005).

¶ 4 We are confronted first with the question of whether the fact that Dollar was a stallion, standing alone, establishes that Appellees knew or should have known that Dollar had vicious tendencies and might bite Appellant. We also must address the merits of a motion to strike the portion of Appellant's reproduced record containing veterinary reports not included in the certified record on appeal and to strike any portion of Appellant's brief referencing those veterinary records that Appellees filed. This latter question apparently implicates whether Appellant can rely upon the detail that Dollar was a

stallion for purposes of appeal. However, the fact that Dollar was a stallion can be inferred from the expert report of Brenda Hall, which was filed by Appellant. Furthermore, the report of Nancy Kate Diehl, Appellees' expert witness, states that Dollar was a stallion. Thus, the veterinary records are superfluous. Furthermore, the answer to the first question on appeal essentially moots the need to address Appellees' motion to strike.

¶ 5 Appellant's argument on appeal can be distilled to this: "Stallions, as a 'class' are generally known to have vicious propensities despite being legally characterized as a domestic animal." Appellant's brief at 9. In leveling this argument, Appellant relies upon *McIlvaine v. Lantz*, 100 Pa. 586 (1882), where a jury found that stallion colts, as a class, have vicious tendencies. However, *McIlvaine* addressed an issue relating to the jury instructions regarding the fencing of the stallion colt, and never examined whether it is universally known as true that stallions have vicious tendencies, which is the inquiry herein.

¶ 6 Appellant's reliance on *Bender v. Welsh*, 344 Pa. 392, 25 A.2d 182 (1942), is unavailing for the same reason. Liability in that case was premised upon harm caused when an unattended horse on the highway at night caused a car accident. The evidence in that case established that the owners should have known that the horse might escape his fencing due to the fact that the horse regularly scratched himself on the fencing and that the horse had escaped on one prior occasion.

¶ 7 The harm in this case was not occasioned by Dollar's state of restraint; indeed, the horse was properly restricted. Rather, the harm herein was caused by a bite. While the *Bender* case unquestionably held that the dangers of allowing a horse to roam freely on roads utilized by car was apparent, there is no "apparent" risk presented in this case.

¶ 8 In arguing the apparency of the risk in this case, Appellant essentially is asking us to take judicial notice that stallions have vicious tendencies.

Pa.R.E.201(b) governs judicial notice of adjudicative facts. The rule states: "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Pa.R.E.201(b). "A court may take judicial notice of an indisputable adjudicative fact." *Interest of D.S.*, 424 Pa.Super. 350, 622 A.2d 954, 957 (Pa.Super.1993). A fact is indisputable if it is so well established as to be a matter of common knowledge. Judicial notice is intended to avoid the formal introduction of evidence in limited circumstances where the fact sought to be proved is so well known that evidence in support thereof is unnecessary. *220 Partnership v. Philadelphia Elec. Co.*, 437 Pa.Super. 650, 650 A.2d 1094, 1096 (Pa.Super.1994).

Judicial notice allows the trial court to accept into evidence indisputable facts to avoid the formality of introducing evidence to prove an incontestable issue. *Interest of D.S.*, 622 A.2d at 957. However, the facts must be of a matter of common knowledge and derived from reliable sources "whose accuracy cannot reasonably be questioned." Pa.R.E. 201(b)(2).

*Commonwealth v. Brown*, 839 A.2d 433, 435 (Pa.Super.2003) (emphasis omitted).

¶ 9 The tendency of a stallion to be spirited may be so well known as to be a matter of common knowledge, but the im-

plication that everyone knows stallions are vicious and will bite simply is not true. In fact, Appellant's own expert witness conceded this fact in her report, admitting that not all stallions exhibit unpredictable and aggressive tendencies, but "the individual personality of the horse plays a large part" in whether a stallion is vicious and also that breeding and training are contributing factors. Opinion Letter from Brenda Hall, 7/9/04, at 2.

¶ 10 In concluding that summary judgment was appropriate, the trial court aptly cited *Andrews v. Smith,* 324 Pa. 455, 459, 188 A. 146, 148 (1936) (emphasis added), which states, "Animals such as horses, oxen and dogs are not beasts that are *ferae natura, i.e.,* wild beasts, but are classed as *mansuetae natura, i.e.,* tamed and domesticated animals, and their owners are not responsible for any vicious acts of theirs unless the owners have knowledge that they are likely to break away from their normal domestic nature and become vicious." In the present case, then, Appellant cannot rely solely on the fact that Dollar is an uncastrated male horse to establish Appellees' liability.

¶ 11 The relevant law is clear. Before liability for the bite of an animal attaches, the defendant must know or have reason to know that the animal will display vicious tendencies, as set forth in the Restatement (Second) of Torts § 518, and *Andrews:*

§ 518   Liability for Harm Done by Domestic Animals That Are Not Abnormally Dangerous.

Except for animal trespass, one who possesses or harbors a domestic animal that he does not know or have reason to know to be abnormally dangerous, is subject to liability for harm done by the animal if, but only if,

(a) he *intentionally* causes the animal to do the harm, or

(b) he is negligent in failing to prevent the harm.

Similarly, Restatement (Second) of Torts § 509 states:

§ 509   Harm Done by Abnormally Dangerous Domestic Animals

(1) A possessor of a domestic animal that he knows or has reason to know has dangerous propensities abnormal to its class, is subject to liability for harm done by the animal to another, although he has exercised the utmost care to prevent it from doing the harm.

(2) This liability is limited to harm that results from the abnormally dangerous propensity of which the possessor knows or has reason to know.

¶ 12 In accordance with this authority, Pennsylvania law requires evidence of viciousness before the possessor of a horse will be subject to liability for harm caused by the animal. *Barshay v. American Ice Co.,* 84 Pa.Super. 538 (1925) (owner of horse is not insurer against bites and is liable only if horse displayed vicious tendencies in past); *Quigley v. Adams Express Co.,* 27 Pa.Super. 116 (1905) (defendant was not liable for his horse's bite when plaintiff failed to produce any evidence tending to show that defendant had knowledge of vicious propensities of animal); *see also Deardorff v. Burger,* 414 Pa.Super. 45, 606 A.2d 489 (1992) (applying Restatement section 590 and holding dog owner is subject to liability for dog bite only if he knows or has reason to know of dog's vicious tendencies and failed to properly restrain the dog). Appellant acknowledges that she cannot demonstrate from "past acts of the animal, a stallion named Dollar, that the horse had vicious propensities." Appellant's brief at 7.

¶ 13 Thus, Appellant's tenet that Dollar's status as a stallion establishes liability

cannot succeed, and in the absence of evidence of Dollar's vicious tendencies, summary judgment was properly granted.

¶ 14 Motion to strike Appellant's brief and reproduced record dismissed as moot. Order affirmed.