J-S72040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: M.A.O.R., A/K/A M.O., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: V.R.L., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 657 MDA 2018 |

Appeal from the Decree Entered, March 15, 2018,
in the Court of Common Pleas of Berks County,
Orphans' Court at No(s):  85415

| | | |
|---|---|---|
| IN RE: A.Y.O.R., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: V.R.L., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 658 MDA 2018 |

Appeal from the Decree Entered, March 15, 2018,
in the Court of Common Pleas of Berks County,
Orphans' Court at No(s):  85416.

| | | |
|---|---|---|
| IN RE: V.O.R., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: V.R.L., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 659 MDA 2018 |

Appeal from the Decree, March 15, 2018,
in the Court of Common Pleas of Berks County,
Orphans' Court at No(s):  85417.

BEFORE:  BOWES, J., SHOGAN, J., and KUNSELMAN, J.

CONCURRING STATEMENT BY KUNSELMAN, J.:  **FILED: MAY 20, 2019**

I join the Majority's decision, but I write separately to comment on the lower court's questionable use of judicial notice and Mother's apparent waiver of this issue.

To begin – and seemingly contrary to the Majority's view – I believe Mother meant to challenge the admission of *all* 80 of CYS' exhibits, not just the three (Exhibits 71, 79, and 80) that fell outside of the court's judicial notice ruling.  *See* Mother's Brief at 4.

In her very first question presented, Mother asked:

> Whether the trial court erred as a matter of law and abused its discretion by permitting [CYS] to submit inadmissible hearsay evidence, to wit: ***a voluminous packet of exhibits*** – including various reports from service providers, evaluations, case notes from third parties not present at the hearing….

*Id.* (Emphasis added).

Indeed, by specifically referencing exhibits other than numbers 71, 79, and 80, Mother clearly believed she challenged the entirety of the "voluminous packet."

I note that the orphans' court in this case engaged in a similar evidentiary practice as the orphans' court in ***In re A.J.R.H.*** 188 A.3d 1157

- 2 -

(Pa. 2018), a case that also involved a Berks County termination of parental rights proceeding.  (In fact, *In re A.J.R.H.* is the only case Mother cites in this particular argument section of her brief.)

At the instant termination hearing, Mother's counsel advised the orphans' court that our Supreme Court had just granted the allowance of the appeal in *In re A.J.R.-H.* to address the Berks County practice of en masse admission of CYS exhibits under the business records hearsay objection.[1] Mother then made the same hearsay objection when CYS moved to admit dozens of exhibits en masse in this case.  The orphans' court entertained the parties' extensive arguments on admissibility under the hearsay exception, but ultimately – and upon the request of the county solicitor – the court took *judicial notice* of all but three exhibits. *See* N.T., at 101.

Critically, Mother did not object to the court's taking of judicial notice; thus, Mother only preserved a challenge to the three CYS exhibits admitted under the hearsay exception, namely: Exhibits 71, 79, and 80.

I recognize, of course, that it was not the en masse admission, *per se*, that troubled our Supreme Court in *In re A.J.R.H.*; it was the lack of proper authentication.  Still, I question whether the en masse taking of judicial notice of exhibits is the functional equivalent of en masse admission of exhibits under the business records exception without proper authentication. And if it is the

---

[1] I doubt Berks was the only county to have engaged in this practice.

equivalent, wouldn't taking judicial notice come dangerously close to circumventing a parent's right to due process in a termination proceeding? *See In re A.J.R.H.* 188 A.3d at 1178-1179.[2]

Presumably, the judicially noticed "voluminous packet of exhibits" was admitted under Pa.R.E. 201, which provides in relevant part:

> **(a)    Scope.** This    rule    governs judicial notice of    an adjudicative fact only, not a legislative fact.
>
> **(b) Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:
>
> > (1) is generally known within the trial court's territorial jurisdiction; or
> >
> > (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
>
> [...]

Pa.R.E. 201.

Under this rule, a court may take judicial notice of an indisputable fact. "A fact is indisputable if it is so well established as to be a matter of common knowledge.    Judicial notice is intended to avoid the formal introduction of evidence in limited circumstances where the fact sought to be proved is so

---

[2] "We recognize the highly sensitive nature of a termination proceeding and the importance of permanency for children in foster care. We also recognize, however, that the right to make decisions concerning the care, custody, and control of one's children is one of the oldest fundamental rights protected by the Due Process Clause.  Involuntary termination serves as the most extreme infringement upon this right." *In re A.J.R.H.* 188 A.3d at 1178-1179 (quotations and citations omitted).

well known that evidence in support thereof is unnecessary." ***See, e.g., In re Estate of Krasinski***, 188 A.3d 461, 474 (Pa. Super. 2018) (*en banc*) (quoting ***Kinley v. Bierly***, 876 A.2d 419, 421 (Pa. Super. 2005).

In the instant matter, I seriously question whether some or any of the judicially noticed facts were so indisputable that their admission into evidence would have been a mere formality. Nonetheless, the judicial notice issue is not before us, as it was not properly preserved here. The Majority is correct; in the end, Mother only challenged the admission of three exhibits. From there, the Majority appropriately decides Mother's appellate issues, and I join in the decision.