J-A03020-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| M.R., A MINOR BY AND THROUGH HIS LEGAL GUARDIAN JOYANNE ASHBY | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : : | No. 1328 EDA 2021 |
| TAMIKA BUNTING AND KIP BUNTING | : : | |
| v. | : : : | |
| JOYANNE ASHBY | : | |

Appeal from the Order Entered June 8, 2021
In the Court of Common Pleas of Monroe County Civil Division at No(s):
6856cv2019

BEFORE:  STABILE, J., DUBOW, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.:                    **FILED FEBRUARY 18, 2022**

M.R. ("Appellant"), by and through his legal Guardian, Joyanne Ashby ("Ms. Ashby"), appeals from the Order granting summary judgment to Tamika Bunting ("Appellee") and dismissing the Complaint.  After careful review, we affirm.

The relevant facts and procedural history, gleaned from the trial court's Opinion and the certified record, are as follows. On May 26, 2018, M.R. and Ms. Ashby, Appellee, and Appellee's dog "Ruger" were staying at the home of Kip Bunting ("Mr. Bunting"), Appellee's father.  Ruger was an eight-year-old Yorkshire Terrier and weighed approximately ten pounds.

On May 27, 2018, around noon, Appellee went to a water park, leaving Appellant and Ms. Ashby alone in the home with Ruger. The dog whimpered and paced between the door and window immediately after Appellee left but then settled down. Around 5 p.m., Appellant and Ms. Ashby were in the kitchen when Appellant dropped some candy on the floor. As he bent down to pick it up, Ruger lunged for the candy and bit Appellant on the lip. Ms. Ashby took him to the hospital where doctors sutured the wound, leaving a scar above Appellant's lip. Soon after the incident, Nicole Bunting, Appellee's sister, allegedly told Ms. Ashby that Ruger had previously bit someone.

On August 29, 2019, Appellant, through Ms. Ashby, filed a Complaint against Appellee and Mr. Bunting sounding in negligence and negligence *per se*, and seeking punitive damages. Appellee and Mr. Bunting filed preliminary objections in the nature of demurrers. On November 22, 2019, the court dismissed, *inter alia*, Count II asserting a theory of negligence *per se*. Appellant did not seek to amend his Complaint.

On August 13, 2020, the court issued an order directing the completion of discovery, including experts' reports, by January 29, 2021. Appellee, Mr. Bunting, and Ms. Ashby each participated in video depositions on September 24, 2021. Although Appellant's counsel allegedly issued a subpoena to depose Nicole Bunting, Ms. Bunting did not respond. Appellant obtained no evidence from Ms. Bunting.

On January 29, 2021, and February 3, 2021, Appellee and Mr. Bunting each filed motions for summary judgment. The court directed Appellant to

file an answer and directed all parties to file briefs. The court denied a motion for oral argument.

On June 8, 2021, the court filed Orders and an Opinion granting summary judgment to Appellee and Mr. Bunting and dismissing the action. *See* Tr. Ct. Orders, filed 6/8/21.

Appellant filed a timely Notice of Appeal. The court ordered Appellant to file a Pa.R.A.P. 1925(b) Statement and the court filed a Rule 1925(a) opinion noting that it had addressed all of the issues raised in the Rule 1925(b) Statement in its June 8, 2021 Opinion.

Appellant raises the following issue for our review:

> Whether the trial court erred in granting summary judgment where the dog in question had dangerous propensities, the owner, [Appellee], knew, or had reasons to know, of these propensities and failed to exercise reasonable care to secure or control the dog so as to prevent it from injuring [Appellant]?

Appellant's Br. at 7.[1]

Appellant contends that the trial court erred in granting summary judgment because he had presented evidence of the dog's dangerous

---

[1] Appellant raised no claims challenging the court's grant of summary judgment to Mr. Bunting and includes no arguments regarding Mr. Bunting in his brief. Thus, Appellant has waived any challenges pertaining to Mr. Bunting that he could have raised on appeal.

propensities, and Appellee knew the dog had previously bitten someone. *Id*.

at 13-15.[2]

> We review the grant of summary judgment under well-settled principles.
>
> Summary judgment may be granted only in those cases in which the record clearly shows that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Our standard of review is well-settled: we may reverse a grant of summary judgment only for an abuse of discretion or error of law.

*Kinley v. Bierly*, 876 A.2d 419, 420 (Pa. Super. 2005) (internal citations,

brackets, and quotation marks omitted); *see also* Pa.R.C.P. No. 1035.2(1).

"Where the non-moving party bears the burden of proof on an issue, he

may not merely rely on his pleadings or answers in order to survive summary

---

[2] Although Appellant asserted in Count II of his Complaint that Appellee and Mr. Bunting were negligent *per se* for violating 3 Pa.C.S. § 459-502-A, the Dog Law included in our agriculture laws, the court sustained Appellee's and Mr. Bunting's preliminary objections in the nature of a demurrer and struck Count II, concluding that Appellant made no allegations in the Complaint that the dog was a dangerous animal as defined in Section 459-102. *See* Order and Opinion, dated 11/22/19, at 5 and 3, respectively. Most relevant to this appeal, after the court struck Count II, Appellant did not file an amended Complaint and did not challenge the trial court's striking Count II. Rather, Appellant only noted in his appellate brief that *Appellee* asserted in her motion for summary judgment that she did not violate the Dog Law. *See* Appellant's Br. at 17-18. Appellant's observation of what Appellee asserted in her summary judgment motion did not revive or somehow reinstate Appellant's dismissed count of negligence *per se*. Accordingly, we will not review Appellant's summary contention that Appellee was negligent *per se*. **See *id.*** at 18 (concluding Appellee was negligent and negligent *per se*).

We further observe that at no time did Appellant or animal control officers file a complaint with the magisterial district court accusing Appellee of harboring a dangerous animal. **See** 3 Pa.C.S. § 459-502-A (providing procedure). Thus, there was no proven violation upon which to ground a negligence *per se* claim.

judgment." ***Truax v. Roulhac***, 126 A.3d 991, 997 (Pa. Super. 2015) (citation omitted). "Further, failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law." ***Id****.* (citation and internal quotation marks omitted).

In order to prevail on a claim of negligence, a plaintiff must establish that (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) the breach resulted in the plaintiff's injury; and (4) the plaintiff suffered an actual loss or damage. ***Collins v. Phila. Suburban Dev. Corp.***, 179 A.3d 69, 73 (Pa. Super 2018). A plaintiff must establish, *inter alia*, that "the defendant's negligence was both the cause-in-fact and the legal, or proximate, cause of [his] injuries." ***Straw v. Fair***, 187 A.3d 966, 993 (Pa. Super. 2018). In Pennsylvania, factual cause involves a "but for" analysis, that is, whether a plaintiff's injuries would not have occurred but for the negligent conduct. ***Id.*** On the other hand, the existence of proximate cause is an evaluation of whether a defendant's negligence was a substantial factor in bringing about harm to the plaintiff. ***Id.***

This Court has held that in order to prevail in a negligence action against a dog owner in a dog bite case, a plaintiff must show that the owner knew or had reason to know of the animal's display of dangerous propensity. ***Franciscus v. Sevdik***, 135 A.3d 1092, 1094-95 (Pa. Super. 2016). Thus, evidence must be presented to establish (1) the dog displays vicious

tendencies; (2) the animal's owner has reason to know or knows that the animal has those dangerous propensities; and (3) the owner of said animal failed to act prudently in response to those vicious or dangerous propensities. *Kinley* 876 A.2d at 422. *See also Deardorff v. Burger*, 606 A.2d 489, 492 (Pa. Super. 1992) ("mere awareness and ownership of a vicious animal does not *per se* expose one to liability for injuries inflicted absent a failure on the part of the owner to take proper precautions to preclude that viciousness from exhibiting itself.")

The trial court in the instant case concluded that Appellant failed to establish Appellee knew that Ruger was dangerous or had vicious tendencies.

> Looking at the pleadings and the testimony from the depositions, we do not believe that [Appellant] has presented enough evidence to show that "Ruger" had vicious propensities prior to this incident. It is common for dogs to get nervous when they are around strangers or at the veterinarian's office; however, that nervousness does not mean that they are vicious.
>
> * * *
>
> Other than [Ms. Ashby's] statement that Nicole Bunting told her after [Appellant's] injury [ ] that the dog bit someone in the past, there was no evidence of any prior behavior that showed [Appellee] had knowledge of a danger and failed to take precautions as a result. Unfortunately, the prior dog bite information lacks any description of that incident. There is no recorded statement or affidavit from Nicole Bunting. There are no documents or records to confirm the events of the prior bite. [Appellant] contends Nicole Bunting would not cooperate as a witness or for deposition. While Nicole Bunting may appear for trial and provide this testimony, the mere allegation of a prior bite, without specifics, is insufficient to show [Appellee] had knowledge of the dog's dangerous propensity. Nor is any of the "playfulness" of the dog described by [Appellee] sufficient to show a dangerous

propensity. Therefore, there is insufficient evidence to show that [Appellees] breached a duty owed to [Appellant].

Tr. Ct. Op., dated June 8, 2021, at 7, 9.

Appellant contends that he proved that Appellee knew of the dog's propensity to attack because Appellee's sister, Nicole Bunting, told Ms. Ashby that Ruger had previously bitten someone. Appellant's Br. at 8.[3] Appellant also emphasizes that Appellee said Ruger is nervous at the veterinarian and that Ruger would growl when he played tug of war with Appellee. *Id*. at 10. Appellant avers that, based on this evidence, he demonstrated that there are genuine issues of material fact and the court thus erred in granting of summary judgment. *Id*. 10-11.

Based on our review of the record, we conclude the trial court did not abuse its discretion or err as a matter of law in granting summary judgment. Appellee, Mr. Bunting, and Ms. Ashby each provided deposition testimony regarding Ruger's behavior prior to the incident and none of them said that Ruger had vicious tendencies or had ever displayed aggressive behavior. In addition, veterinarian's records did not indicate that Ruger was aggressive or had previously bitten anyone.

Moreover, Appellee testified extensively about living with Ruger since she got him as a puppy in 2010. She described him as a social, playful dog

---

[3] Appellant also noted that his counsel had subpoenaed Ms. Bunting to be deposed via zoom "but she was uncooperative and the deposition did not occur." Appellant's Br. at 14.

who liked to be petted. *See* Transcript, Tamika Bunting Deposition, 9/24/21, at 33-34. She stated Ruger has a "playful growl" when she plays tug-of-rope with him, but he is not aggressive. *Id*. at 35. She also stated that if she drops food, Ruger will run over to get it, but that she has never tried to get to the food before he eats it. *Id*. at 37. She also testified that Ruger gets along with other dogs, and has never bitten, or been bitten by, other dogs, and that Ruger is not a nervous dog except when he is at the veterinarian's office, in which case, he urinates but does not growl or exhibit any other aggressive behavior. *Id*., at 38-39, 90.

In addition, Mr. Bunting testified that he had never see Ruger acting aggressively or nervously and had only observed the dog being well behaved and tending to stay to himself. *See* Transcript, Kip Bunting Deposition, 9/24/21, at 17. Further, Ms. Ashby herself testified that she was not afraid of Ruger and she did not fear for Appellant's safety around the dog prior to the incident. *See* Transcript, Joyanne Ashby Deposition, 9/24/21, at 22-24, 49-50.

Most significantly, there is no recorded statement or affidavit from Nicole Bunting and no documents or records to confirm that Ruger had previously bit someone. Since there is no evidence showing that Appellee knew or had reason to know of any previous behavior showing that Ruger had dangerous propensities, there is no basis upon which to conclude Appellee had a duty which she breached. *See Kinley*, 876 A.2d at 422.

Based on the foregoing, we conclude that the trial court did not abuse its discretion or err as a matter of law in granting Appellee's summary judgment motion. We, thus, affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2022