J-S25020-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| HOWARD E. BAYBROOK, JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN P. BOLOGNA, JOANNE | : | No. 331 WDA 2022 |
| BOLOGNA AND JILL DAUGHERTY | : | |

Appeal from the Order Entered March 9, 2022
In the Court of Common Pleas of Armstrong County Civil Division at
No(s): 2021-0036-CIVIL

BEFORE:  BENDER, P.J.E., DUBOW, J., and KING, J.

MEMORANDUM BY DUBOW, J.:                     **FILED: SEPTEMBER 7, 2022**

Appellant, Howard E. Baybrook, Jr., appeals from the March 9, 2022 Order entered by the Armstrong County Court of Common Pleas granting the Motion for Summary Judgment filed by Appellees, John P. Bologna, Joanne Bologna, and Jill Daugherty, in this negligence action.  After careful review, we reverse and remand for further proceedings.

The relevant facts and procedural history are as follows.  Jill Daugherty ("Daugherty") lives with her elderly parents, John P. and Joanne Bologna (the "Bolognas") in Vandergrift.  Ms. Daugherty owns a pit bull mix dog, Lola, which she received from her son when Lola was four months old in 2009 or 2010.

On November 3, 2019, Mr. Baybrook drove to the Bolognas' home to visit with Mr. Bologna.  Mr. Baybrook did not visit frequently, and the Bolognas and Ms. Daugherty were not expecting him.  Mr. Baybrook had never met Lola

and was not aware that the Bolognas had a dog. When he pulled into the driveway, he did not notice two "Beware of Dog" signs, one posted at the beginning of the driveway and one closer to the house. Mr. Baybrook did, however, notice Lola attached to a long chain that allowed her to roam the front lawn and a portion of the end of the driveway where cars parked. When he parked, he got out of his vehicle and walked around to the rear passenger's side. Within approximately five seconds, Lola attacked his leg causing significant injuries. Mr. Baybrook was able to kick the dog off his leg and left the residence to get medical attention.

On January 13, 2021, he filed a complaint against Appellees asserting a single negligence claim. The parties deposed Mr. Baybrook and Ms. Daugherty. Relevantly, Ms. Daugherty testified that Lola does not like people approaching her and that she tells people not to approach Lola. She also stated that she put two "Beware of Dog" signs along the driveway leading up to the house because of the pit bull breed's reputation. She also acknowledged that the end of the dog's chain reaches into the driveway where people park their cars. On November 29, 2021, after the completion of discovery, Appellees filed a Motion for Summary Judgment.

The court held a hearing on the Motion for Summary Judgment on March 4, 2022. On March 9, 2022, the court granted the motion.

Mr. Baybrook timely appealed. He presents the following issues for our review:

1. Did the trial court err, or otherwise abuse its discretion, in granting summary judgment based on a finding that there is no evidence of record from which a factfinder could conclude that the dog at issue had dangerous propensities, when the facts of record, taken in the light most favorable to [Appellant], and in accordance with applicable case law defining "dangerous propensities," do establish a genuine issue of material fact?

2. Did the trial court err, or abuse its discretion, in granting summary judgment based on the finding that [Appellant] failed to set forth evidence that [Appellees] breached a duty of care in failing to take adequate measures to protect others, when the facts, taken in the light most favorable to [Appellant,] raise genuine issues of material fact as to whether the length of the leash and its reach to the driveway, as well as the leash run's location in front of the home, were adequate measures?

3. Did the trial court err in granting summary judgment based on the finding that [Appellant] was able to determine from his observations that the dog's leash was able to reach a portion of the driveway and that he chose to stand in a location where the leash could reach when the facts of record are contrary to those findings?

Appellant's Br. at 3-4.

**Applicable Law**

Our standard of review applicable to orders granting summary judgment is *de novo* and our scope of review is plenary. ***Bourgeois v. Snow Time, Inc.***, 242 A.3d 637, 649 (Pa. 2020). Further, we consider the trial court's well-settled standard of review when we analyze the issues raised on appeal.

A trial court should grant summary judgment only in cases where the record contains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The moving party has the burden to demonstrate the absence of any issue of material fact, and the trial court must evaluate all the facts and make reasonable inferences **in a light most favorable to the non-moving party**. The trial court is further required to resolve any doubts as to the existence of a genuine issue of

- 3 -

material fact against the moving party and may grant summary judgment only where the right to such a judgment is clear and free from doubt.

*Id*. at 650 (internal citations and quotations marks omitted; emphasis added).

Notably, "if there is relevant evidence that a jury could reasonably credit that would allow the non-moving party to prevail, then judgment as a matter of law would be inappropriate." ***Weaver v. Lancaster Newspapers, Inc.***, 926 A.2d 899, 902 (Pa. 2007). "In sum, only when the facts are so clear that reasonable minds cannot differ, may a trial court properly enter summary judgment". ***Weible v. Allied Signal, Inc.***, 963 A.2d 521, 525 (Pa. Super. 2008) (citation omitted). An appellate court may reverse a grant of summary judgment only if the trial court erred in its application of the law or abused its discretion. ***Id***. (citation omitted).

In order to prevail on a claim of negligence, a plaintiff must establish that (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) the breach resulted in the plaintiff's injury; and (4) the plaintiff suffered an actual loss or damage. ***Collins v. Phila. Suburban Dev. Corp.***, 179 A.3d 69, 73 (Pa. Super 2018).

In particular, a plaintiff must establish, *inter alia*, that "the defendant's negligence was both the factual cause and the legal, or proximate, cause of [his] injuries." ***Straw v. Fair***, 187 A.3d 966, 993 (Pa. Super. 2018). In Pennsylvania, factual cause involves a "but for" analysis, that is, whether a plaintiff's injuries would not have occurred but for the negligent conduct. ***Id.***

On the other hand, the existence of proximate cause is an evaluation of whether a defendant's negligence was a substantial factor in bringing about harm to the plaintiff. *Id.*

This Court has held that to prevail in a negligence action against a dog owner in a dog bite case, a plaintiff must show that the owner knew or had reason to know of the animal's display of dangerous propensity. *Franciscus v. Sevdik*, 135 A.3d 1092, 1094-95 (Pa. Super. 2016). Thus, evidence must be presented to establish (1) the dog displays vicious tendencies; (2) the animal's owner has reason to know or actually knows that the animal has those dangerous propensities; and (3) the owner of the animal failed to act prudently in response to those vicious or dangerous propensities. *Id*. *See also Kinley v. Bierly,* 876 A.2d 419, 422 (Pa. Super. 2005) (applying same elements in horse bite case), *Deardorff v. Burger*, 606 A.2d 489, 492 (Pa. Super. 1992) (holding that "mere awareness and ownership of a vicious animal does not *per se* expose one to liability for injuries inflicted absent a failure on the part of the owner to take proper precautions to preclude that viciousness from exhibiting itself.").

Our courts define dangerous propensity as "a propensity or tendency of an animal to do any act that might endanger the safety of the person and property of others **in a given situation**." *Rosenberry v. Evans*, 48 A.3d 1255, 1261 (Pa. Super. 2012) (citation omitted)(emphasis added).

**Legal Analysis**

In his first issue, Mr. Baybrook argues that the trial court misapplied the standard applicable in summary judgment proceedings when it "resolved any doubt of [Ms.] Daugherty's knowledge of the dog's dangerous propensities" in the light most favorable to Appellees, the moving party. Appellant's Br. at 13. He contends that the fact that Ms. Daugherty took precautions to keep people away from the dog due to the dog's general dislike of approaching strangers, her use of "Beware of Dog" signs on the property, and her general knowledge of the aggressive nature of the breed, created a genuine issue of material fact foreclosing the grant of summary judgment. *Id*. at 15-16. We agree.

In addressing the issue of the dog's nature, the trial court concluded that "there is no evidence in the record from which the factfinder could conclude that Lola had dangerous propensities that were or should have been known by [Appellees]." Trial Ct. Op., dated Mar. 9, 2022, at 5. The trial court further opined:

> Other than Daugherty's general caution about the pit bull breed and her knowledge that Lola did not like approaching, or being approached by, other people, there is no evidence in the record establishing that she, and not merely her breed, had any history of dangerous activity that would alert Daugherty to a need to exercise special care to prevent injury to others.

*Id*. at 5-6.

We agree with Mr. Baybrook that the trial court failed to apply the well-settled standard relevant to a Summary Judgment Motion: it did not view the evidence and draw inferences in the light most favorable to the non-moving

party. When viewed in this light, the questions about whether Lola had vicious tendencies about which Ms. Daugherty was aware and whether Ms. Daugherty took "proper precautions to preclude that viciousness from exhibiting itself" in this particular situation present a material issue of fact to be determined by a factfinder at a trial.

During Ms. Daugherty's deposition, Mr. Baybrook's counsel asked her whether the dog had any prior incidents where she got nasty with anyone, and she replied, "Well, when we would take walks, she wouldn't go up to people. And she didn't like when people came up to her." N.T. Deposition, 10/5/21, at 7. Additionally, Ms. Daugherty testified that she would tell people "don't come up to my dog." *Id.* at 14-15.

Further, when asked if she put up the "Beware of Dog" signs because Lola was a pit bull, Ms. Daugherty said, "That, and any dog. Yes." *Id*. at 15. She also testified that when the dog was outside, package delivery drivers would not get out of their vehicles. *Id*. at 9-10

Viewing all of this evidence in the light most favorable to Mr. Baybrook as the non-movant and drawing all reasonable inferences in his favor, we conclude that the trial court erred as a matter of law in granting summary judgment. Whether the dog had a propensity toward viciousness about which Ms. Daugherty was aware and whether she failed to act prudently in response to that vicious propensity in this situation present questions of material fact for which summary judgment is inappropriate. *Franciscus*, 135 A.2d at

1094-95. We, therefore, conclude that the trial court erred as a matter of law in granting Appellees' motion for summary judgment.

Accordingly, we vacate the Order granting summary judgment and remand for further proceedings.[1]

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/7/2022

---

[1] In light of our disposition, we decline to address Appellant's remaining issues, although we do note that whether the measures taken by Ms. Daugherty were adequate in this situation also presents a question of fact to be resolved by the factfinder. **_See Deardorff_**, **_supra_**, at 492 (holding that the mere knowledge of a propensity for viciousness does not alone establish negligence).