**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1700
_____

GLADIS GARCIA,
                                        Appellant

v.

MOUNTAIN CREEK RIDING STABLE INC.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 3-17-cv-01417)
U.S. District Judge:  Honorable Robert D. Mariani
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 16, 2023
_____

Before:  SHWARTZ, MONTGOMERY-REEVES, and ROTH, <u>Circuit Judges</u>.

(Filed:  July 10, 2023)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Gladis Garcia sues Mountain Creek Riding Stable for negligence. Because Garcia did not provide evidence showing a genuine dispute of material fact as to whether Mountain Creek negligently failed to prevent her from being thrown from one of its horses, we will affirm the order granting Mountain Creek summary judgment.

I

A

In 2015, Garcia and her family arrived at Mountain Creek for a trail ride. Before the ride, Garcia was asked to change into riding boots Mountain Creek provided to her. While she was changing her shoes, the trail guides provided horse riding instructions to the group in English. Neither Garcia nor her husband speak English, and her son, who was translating for her that day, was not interpreting the instructions because Garcia was "busy trying to put on [her] boots and . . . was distracted." App. 21. Garcia testified that she was also in a hurry because her family was worried that the group would leave without them. Instead of receiving translated instructions from the guides, Garcia received brief instructions from her husband, who had ridden a horse before.

While changing her shoes, Garcia was provided with a waiver (the "Waiver"), written in English, that her husband signed for her. The Waiver warned of the risk of injury from horseback riding and "discharge[d] Mountain Creek . . . from any and all claims for injuries or damages . . . that result or are caused in any manner whatsoever including, but not limited to the negligence of" Mountain Creek. S.A. 39. Both the Waiver and signs on Mountain Creek's property informed patrons that they "assume[d]

2

full responsibility for . . . risks including, but not limited to, the negligence of" Mountain Creek. Id.

The senior trail guide testified that she was concerned about Garcia's riding ability and safety, particularly because she did not speak English. Multiple witnesses stated that although there were two trail guides, neither of them rode behind Garcia.[1]

During the ride, Garcia's horse went off the trail and began running and Garcia held the saddle horn rather than the reins. Garcia testified, however, that at least one time during the trail ride she pulled on the reins to stop the horse. Garcia testified that the horse eventually reared onto two legs, and she fell off the horse and sustained injuries.

B

Garcia filed suit in the District Court for the Middle District of Pennsylvania, alleging that her fall and injuries were a result of Mountain Creek and its employees' negligence. After discovery, Mountain Creek moved for summary judgment. The Magistrate Judge recommended that the motion be granted, and the District Court agreed,

---

[1] The senior guide testified that she was riding behind the Garcia family for most of the ride, but that at the time Garcia lost control of her horse, she was in front of Garcia because she had brought all the riders to a stand-still to give them further instructions.

3

concluding, among other things, that Garcia did not provide sufficient evidence showing that Mountain Creek failed to prevent the harm, as required under Pennsylvania law.

Garcia appeals.

II[2]

Pennsylvania follows the Restatement (Second) of Torts, §§ 509 and 518, which identify the proof required to hold the possessor of a domesticated animal, such as a horse, liable for damages. See, e.g., Kinley v. Bierly, 876 A.2d 419, 422 (Pa. Super. Ct. 2005) (applying the Restatement (Second) of Torts §§ 509 and 518 in considering whether an owner was liable for injuries sustained when its horse bit the plaintiff); Franciscus v. Sevdik, 135 A.3d 1092, 1094 (Pa. Super. Ct. 2016) (applying the Restatement (Second) of Torts § 518 when considering whether an owner had failed to prevent its dog from biting the plaintiff). Section 509 addresses harm posed by an animal known to have dangerous propensities, while § 518 covers injuries by animals not known

---

[2] The District Court had jurisdiction pursuant to 28 U.S.C. § 1332(a). We have jurisdiction pursuant to 28 U.S.C. § 1291.

Our review of an order granting or denying summary judgment is plenary. Mylan Inc. v. SmithKline Beecham Corp., 723 F.3d 413, 418 (3d Cir. 2013). We apply the same standard as the District Court, viewing facts and making reasonable inferences in the non-movant's favor. Hugh v. Butler Cnty. Family YMCA, 418 F.3d 265, 266-67 (3d Cir. 2005). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law." Kaucher v. Cnty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

4

to be abnormally dangerous. Because there is no evidence that the horse Garcia was riding had dangerous propensities, § 518 applies.

To hold a possessor liable under § 518, a plaintiff must show that the possessor either intentionally caused the animal to do harm or was negligent in failing to prevent the harm. Garcia does not assert that Mountain Creek intentionally caused the horse to run off the trail or rear its front legs. Rather, she asserts that Mountain Creek was negligent in the following ways: (1) the senior guide, despite being concerned with Garcia's riding ability, allowed her to ride the horse anyway; (2) the guides did not notice that Garcia was unsafely holding the horn of the saddle rather than the reins; (3) the guides did not instruct Garcia to pull back on the reins rather than hold on to the saddle horn to stop her horse; (4) appropriate instructions were not provided to Garcia in Spanish, which is the only language she speaks; and (5) the two trail guides were positioned in front of the Garcia family during the ride with no ability to monitor her.

Garcia's assertions do not show that Mountain Creek was negligent. First, Garcia acknowledges that Mountain Creek provided instructions before the ride given, and the record shows that her son, who had been translating for her that day, did not translate the instructions into Spanish and her husband instead provided some instruction to her. Second, Garcia demonstrated that she understood at least some of the instructions for controlling the horse as demonstrated by the fact that she knew to pull the reins back to stop the horse on at least one occasion. Third, Garcia presented no evidence that Mountain Creek engaged in any conduct that caused the horse to begin running. Fourth,

Garcia presented no evidence that the horse was unsafe for a novice rider or that the position of the guides would have impacted the horse's behavior.

Garcia thus has not provided evidence upon which a reasonable juror could find Mountain Creek negligent under Pennsylvania law.[3]

III

For the foregoing reasons, we will affirm.

---

[3] Because we affirm the District Court on this ground, we need not address Mountain Creek's arguments that it is entitled to summary judgment based on either Garcia's alleged assumption of the risk or her waiver of the right to sue.