J-S33016-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| BREANNAH WARNER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES CUMMINGS, GERI LYNN | : | No. 463 WDA 2023 |
| CUMMINGS, AND UNCHAINED | : | |
| CANINES, LLC | : | |

Appeal from the Order Entered March 28, 2023
In the Court of Common Pleas of Beaver County Civil Division at No(s):
No. 10529-2022

BEFORE:    BENDER, P.J.E., McCAFFERY, J., and STEVENS, P.J.E.*

MEMORANDUM BY McCAFFERY, J.:            **FILED: December 1, 2023**

In this dog bite case, Breannah Warner (Appellant) appeals from the order entered in the Beaver County Court of Common Pleas, granting summary judgment in favor of James Cummings, Geri Lynn Cummings, and Unchained Canines, LLC (collectively, Appellees).  Appellant argues the trial court erred in finding there was no evidence Appellees knew their dog had vicious tendencies.  We affirm.

## I.  Facts & Procedural History

Appellant's action stems from a dog bite incident in Beaver Falls, Beaver County.  The trial court summarized the underlying facts as follows:

_____

* Former Justice specially assigned to the Superior Court.

[Appellant] alleges that on approximately June 2, 2021, while [she] was performing the second day of yardwork at [Appellees'] residence, [Appellant] or one of her co-workers severed [Appellee's] electric fence, exposing [Appellant] to [Appellees'] dog who was also in the yard. Afterwards, while [Appellant] was working, [Appellees'] dog attacked [Appellant] and bit her in the face. As a result of the bite, [Appellant] was diagnosed with:

[several injuries, including multiple penetrating and puncture wounds to the face; lacerations of the cheeks; and permanent scarring and disfigurement of the face].

[Appellant] alleges [Appellees] failed to warn [her] of the vicious nature of the dog, failed to warn [Appellant] that the dog would be in areas where she was working, and failed to fix the invisible fence that was severed on the property prior to . . . the attack.

Trial Ct. Op., 3/28/23, at 1-2 (footnotes omitted).

Appellant filed a complaint on April 28, 2022, raising three counts: (1) negligence against Appellees James and Geri Lynn Cummings; (2) negligence and vicarious liability against Unchained K9, LLC;[1] and (3) negligence against Unchained K9, LLC. Appellant asserted that on June 2, 2021, she was an invitee at Appellants' property in her capacity as a landscaper. *See*

_____

[1] Unchained K9, LLC, is owned and operated by Appellees and is in the business of installing and maintaining invisible fences for the purpose of confining dogs within a designated area. Appellant's Complaint, 4/28/22, at ¶ 5.

In a brief filed in opposition to the summary judgment motion, Appellant stated she "will withdraw the negligence claim against" Unchained K9, LLC. Appellant's Brief in Opposition to Appellee's Motion for Summary Judgment, 3/8/23, at 8 (unpaginated). However, she did not formally file any such withdrawal, and the trial court's summary judgment order included Unchained K9, LLC. *See* Order, 3/8/23.

Appellant's Complaint at ¶ 12. Appellant alleged that Appellees "were the owners of and were in custody and control of a large (approximately 125-lb) American Akita or Akita-type dog" that "was not at all times appropriately confined, fenced in, or otherwise under the proper control of" Appellees. **Id.** at ¶¶ 7, 11. Moreover, Appellant asserted Appellees knew of their dog's vicious and dangerous propensities, but did not fix the cut fence or warn her of the vicious nature of their dog. **Id.** at ¶¶ 20, 23. Appellant concludes the dog bite was a direct and proximate result of Appellees' failure to take proper steps to prevent it. **See id.** at ¶¶ 11, 39.

We note that in a deposition on November 22, 2022, Appellant further stated the following: before commencing the yardwork, Appellee James told her that the dog "couldn't get down into the mulch bed" where Appellant was working. N.T., Deposition of Appellant, 11/22/22, at 36—37. When the fence was cut, an alarm sounded in Appellees' house. **Id.** at 23. Appellee Geri Lynn went outside and told Appellant that the fence was cut but did not warn Appellant to "watch [her] back" or that the dog may be dangerous. **Id.** at 23, 37—38.

On February 21, 2023, Appellees filed a motion for summary judgment, arguing there was "no genuine issue of material fact [that they had] knowledge and or/notice of their animal's aggressive, dangerous, and/or violent behavior." Appellees' Motion for Summary Judgment, 2/21/23, at ¶ 17.

On March 8, 2023, Appellant filed a response and brief, arguing that several factors contributed to Appellees' knowledge of their dog's vicious and dangerous propensities. Appellant argued, without citation to authority, that Akita dogs are a dangerous, "aggressive, territorial breed" and that "as owners of a business involving fencing and containment of animals, [Appellees] have a heightened knowledge of the dangerous breeds of dogs and the dangers associated with not containing [them] properly especially when strangers will be near the animal making unexpected movements." Appellant's Brief in Opposition to Appellees' Motion for Summary Judgment at 6, 8. Appellant relied on the deposition of Appellee James to assert that Akita dogs generally "easily become overheated," and the deposition of Appellee Geri Lynn that the temperature, on the day in question, "reach[ed] [80] degrees or higher." *Id.* at 2. Appellant characterized this weather as "an extremely hot environment." *Id.* at 6. Appellant additionally cited both Appellees' depositions in stating the dog suffered from, and was prescribed medication for, "chronic pain and discomfort in his hind legs," "an autoimmune condition in his hips," allergies, and arthritis. *Id.* at 2. Lastly, Appellant cited her own deposition in stating the dog was "likely blind" in its left eye. *Id.*

The trial court did not hold a hearing, but on March 28, 2023, it granted summary judgment in favor of Appellees, finding "the record lacks any evidence that [Appellees] knew or should have known of their dog's vicious propensities." Trial Ct. Op. at 5. Appellant filed a timely notice of appeal and

subsequently complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

## II. Sufficiency of the Evidence for Summary Judgment

Appellant presents a single question for our review:

Whether the [trial] court erred when it granted Appellees' Motion for Summary Judgment, finding that . . . Appellant had failed to adduce evidence from which a jury could reasonably conclude that Appellees knew or had reason to know of their dog's vicious tendencies?

Appellant's Brief at 5.

Appellant contends the trial court "erred in determining that there was no evidence from which a reasonable jury could find that Appellees had knowledge that their dog possessed vicious propensities such that they should have taken action to prevent said tendencies from manifesting." Appellant's Brief at 8. Specifically, Appellant asserts that Appellees "were fully cognizant of 1) the dog's aggressive nature as an Akita; 2) the dog's discomfort during hot summer months; 3) the dog's multiple health conditions[;] and 4) the presence of strangers on the property, all of which exacerbated the propensity of the dog to violence." *Id.* at 12. No relief is due.

When reviewing a grant of summary judgment, this Court's standard of review is *de novo*, and our scope of review is plenary. **Pyeritz v. Commonwealth**, 32 A.3d 687, 692 (Pa. 2011). This Court has stated:

"[S]ummary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." When considering a motion for summary

judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment "where the right to such judgment is clear and free from all doubt."

On appellate review, then,

an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo*. This means we need not defer to the determinations made by the lower tribunals.

*Summer v. Certainteed Corp.*, 997 A.2d 1152, 1159 (Pa. 2010) (citations omitted & paragraph break added).

There are four elements to establish a negligence claim: "(1) a legally recognized duty that the defendant conform to a standard of care;" (2) a breach of that duty by the defendant; "(3) causation between the conduct and the resulting injury; and (4) actual damage to the plaintiff." *Truax v. Roulhac*, 126 A.3d 991, 997 (Pa. Super. 2015) (*en banc*).

"A dog owner is subject to liability for negligence for injuries caused by his dog when he knows or has reason to know that the dog has dangerous propensities and yet fails to exercise reasonable care to secure the dog to prevent it from injuring another." *Franciscus v. Sedvik*, 135 A.3d 1092, 1094-95 (Pa. Super. 2016). This Court has explained:

Before liability for the bite of an animal attaches, the defendant must know or have reason to know that the animal will display vicious tendencies, as set forth in the Restatement (Second) of Torts § 518, and [**Andrews v. Smith**, 188 A. 146 (Pa. 1936)]:

§ 518 Liability for Harm Done by Domestic Animals That Are Not Abnormally Dangerous.

Except for animal trespass, one who possesses or harbors a domestic animal that he does not know or have reason to know to be abnormally dangerous, is subject to liability for harm done by the animal if, but only if,

    (a) he intentionally causes the animal to do the harm, or

    (b) he is negligent in failing to prevent the harm.

**Kinley v. Bierly**, 876 A.2d 419, 422. (Pa. Super. 2005) (citations omitted).

Here, the trial court determined that "the record lacks any evidence that [Appellees] had knowledge of the dog's vicious tendencies prior to the attack, and therefore, cannot be held liable under the law." Trial Ct. Op. at 4. In reaching its decision, the trial court did not specifically address Appellant's arguments concerning the dog's alleged discomfort during the summer and health conditions, nor the presence of strangers on the property. Nevertheless, we observe that Appellant did not cite any expert or objective evidence to support her theories that, on the day in question, the dog was vicious due to the hot weather or pain and allergy medications or, in any event, that such conditions caused the dog to have a vicious disposition and bite her on that day. **See** Appellant's Brief at 6. Appellant also failed to establish Appellees' purported knowledge of this particular dog's vicious propensities.

## III. Conclusion

Accordingly, we agree with the trial court that there was no genuine issue of material fact to overcome the summary judgment motion.  ***See Summer***, 997 A.2d at 1159.  The record supports the trial court's determination that Appellant has identified no evidence creating a genuine question of fact as to whether Appellees "knew or should have known of their dog's vicious propensities."  ***See*** Trial Ct. Op. at 5.  Our review of Appellant's pleadings reveals no such evidence, and thus we affirm the trial court's order granting Appellees' motion for summary judgment.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  12/1/2023